CASE 74.—ACTION BY PENNEBAKER BROTHERS AND OTHERS AGAINST THE BELL CITY MANUFACTURING COMPANY TO CANCEL NOTES FOR THE PURCHASE OF A THRESHING MACHINE.—Nov. 24.

# Pennebaker Bros. v Bell City M'f'g Co.

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for defendant. Plaintiff Appeals.—Reversed.

1.  Corporations — Foreign Corporations—Process—Service.—Civ. Code Prac. section 51, subsec. 3, provides that in an action against a private corporation a summons may be served in any county on defendant's chief officer or agent who may be found in the State, and section 72 declares that, if an action against a corporation is on a contract, it may be brought in

the county in which the contract was made or to be performed. Held that, where a foreign corporation had filed no designation of an agent in the office of the Secretary of State on whom process might be served as required by St. 1903, section 571, the court in an action against a corporation to restrain the collection of certain notes and for breach of warranty acquired jurisdiction by service on the corporation's State agent in the county where the contract was made.

2. Corporations—Foreign Corporation—Statutes.—Ky. St. 1903, section 571, requiring foreign corporations to file designation of an agent on whom process might be served, should be construed to provide an additional person on whom process might be served, and did not repeal Civ. Code Prac. section 51, subsec. 3, and section 72, providing for service of process on nonresident corporations.

3. Sales—Breach of Warranty—Damages.—Where plaintiffs executed notes for a thresher purchased by them under defendant's warranty that the machine would operate satisfactorily, which notes defendant assigned to a bona fide purchaser for value, the machine proving utterly worthless, plaintiffs were entitled to recover from the seller as damages the amount of the notes and freight paid on the machine.

4. Cancellation of Instruments—Grounds—Failure of Consideration.—Where a buyer of a threshing machine executed notes for the price, which were immediately transferred to an innocent purchaser, the buyer could not obtain a cancellation of the notes on rescinding the sale because the machine was worthless.

5. Pleadings—Amendment—New Cause of Action.—Where, in a suit to compel the cancellation of notes given for a machine which though warranted to work satisfactorily was in fact worthless, it appeared that the notes had been transferred to a bona fide purchaser, the court properly permitted complainants to file an amended petition, claiming damages for breach of warranty, without additional process.

6. Sales—Waranty—Action for Breach—Evidence.—In an action for breach of warranty in the sale of a machine, evidence held insufficient to sustain a finding that the machine was sold to B., and not to plaintiffs.

7. Sales—Breach of Warrant.—Defendants sold a thresher to plaintiffs under a warranty that it would operate satisfactorily. Plaintiffs gave notes for the price, which defendant immediately transferred to B. in exchange for B's notes. The machine was worthless, and plaintiffs abandoned it in a place directed by defendant's agent. Held, that defendant,

having received ·the amount of plaintiffs' notes from B. was properly compelled to indemnify plaintiffs for the loss they sustained arising from the breach of warranty.

8. Appeal and Error—Objections Waived.—Where a suit for the cancellation of certain notes was permitted to remain on the equity docket after the petition had been amended, so as to state a cause of action for damages for breach of warranty and the case was tried as in equity, it is too late for appellee to raise on appeal the question whether the trial court erred in not transferring the cause to the law docket, and to complain that defendants did not move for a new trial.

E. H. GAITHER for appellant.

## AUTHORITIES CITED.

Civil Code section 51, subsection 3; Civil Code, section 72; Newport News, &c., Ry. Co. v. Thomas, 16 L. R. A. 706; New South Brewing Co. v. Price, 21 Ky. Law Rep. 11; Hagerman v. Empire State Co., 97 Penn. 534; Moch v. Virginia F. & M. Ins. Co., 10 Fed. Rep. 696; Doe v. Springfield Boiler Co., 44 C. C. A. 128 (104 Fed. 864); Palmer v. Chicago Evening Post Co., 33 N. Y. Supp. 992; Beale on Foreign Corporations, Par. 273; Murphy on Foreign Corporations, Par. 215; Michael v. Nashville Mutual Ins. Co., 10 La. Ann. 737; Gross v. Nochols, 72 Iowa, 239.

C. E. RANKIN for appellee.

## AUTHORITIES CITED.

Newport News, &c., v. Thomas, 96 Ky. 614, 29 S. W. 437; Cincinnati Times-Star Co. v. France, 22 Ky. Law Rep. 1666; Youngstown Bridge Co. v. White's Admr., 105 Ky. 273; 20 Ky. Law Rep. 1175; Civil Code, sec. 51, sub-sec. 3; Civil Code, sec. 732, sub-sec. 33; Beattyville Coal Co. v. Bamberger Bloos, Assignee, 21 Ky. Law Rep. 830; Newport News & M. V. Co. v. McDonald's Assignee, 109 Ky. 408, 97 S. W. —; Barboursville Real Estate Co. v. Matthews, 14 Ky. Law Rep. 767; Daviess Co. v. Field, 111 U. S. 83; Chesapeake & Ohio R. Co. v. Heath's ·Admr., 87 Ky. 651; 83 Ky. 529; 15 Ky. Law Rep. 876; 9 Ky. Law Rep. 406; Daniels Negotiable Instruments. vol. 1, secs. 741, &c.; Acts Kentucky, 1904, page 224; Richardson v. Payne, 17 Ky. Law Rep. 222, 30 S. W. 879; Powers v. Walker, 18 Ky. Law Rep. 889, 37 S. W. 493; Menninger v. Rampe's Admrs., 18 R. 593, 37 S. W. 493; Coyle v. Foley, 18 Ky. Law Rep. 1046, 39 S. W.

36; Marks v. Deposit Bank, 21 Ky. Law Rep. 117, 50 S. W. 1103; J. I. Case Co. v. Sanford, 30 R. 188, 97 S. W. 805.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee is engaged in the business of manufacturing and selling threshing machines; its manufacturing plant and principal place of business being in the State of Michigan. The appellant, Pennebaker Bros., and Strader Bros., each a firm engaged in the business of farming in Mercer county, this State, together made an effort to purchase a threshing machine of appellee through George Bohon, of ·Harrodsburg, its then local agent. For some reason unexplained, Bohon did not make the sale, but turned the matter over to one C. L. Dowes, appellee's State agent, who went to see appellants, and, after some negotiation, sold them a machine, and took their order for it upon a blank form furnished by appellee and attested by Dawes as agent, which contained the usual warranty as to the quality of the machine and the character of work it was claimed by the seller it would perform. The agreed price to be paid by appellants for the threshing machine was $625, for which they were to give two notes, bearing date of June 27, 1906, for $312.50 each, one payable October 1, 1906, and the other October 1, 1907. Appellants were unwilling to execute these notes until the machine should be delivered by appellee and an opportunity afforded them of ascertaining whether it would do its work as warranted; but, upon the representation of Dawes that he was anxious to close the transaction and get away and that he would leave the notes with Bohon, the local agent, until the threshing machine should prove satisfactory, appellants consented to and did execute

and deliver to Dawes the notes in form and amount each as stated. Instead of depositing the notes with Bohon according to the agreement under which he received them, Dawes, in his capacity of agent, sold, assigned, and delivered them to Bohon at a discount of 10 per cent, accepting for them Bohon's note payable to appellee, which he forwarded to the latter by mail. Upon receiving the threshing machine from appellee's manufactory, appellants paid the freight upon it, amounting to $25. Appellee's agent Dawes at that time set up the machine on the Pennebaker farm, and attempted to operate it, but without success. Subsequently an expert machinist by appellee's direction attempted to adjust and make it work, but he, too, failed, and declared that it could not be made to run at all. Thereupon appellants offered to return the machine to appellee, and made a tender of it to appellee through its local agent, Bohon, at the same time demanding the return or cancellation of the notes they had executed for it. The notes were not returned, but the thresher by direction of Bohon as agent was stored under a shed on the Pennebaker farm, where it has since remained without use by appellants. Shortly thereafter this action in equity was brought in the court below by appellants against appellee and its agents Dawes and Bohon to obtain a cancellation of the notes in question, upon the ground that they were without consideration; it being alleged that the machine for which they were executed was worthless. Later an amended petition was filed setting up the warranty of the machine in the contract of sale, alleging its breach, and asking a judgment against appellee for damages. Appellee, before answering, entered a motion to quash the summons and return, which was overruled. It thereupon answered, denying the juris-

diction of the Mercer circuit court, specifically travers-
ing the averments of the petition as amended, and
averring that it sold the threshing machine to Bohon,
who sold it to appellants. The plea to jurisdiction
was overruled by the court, and, following the taking
of proof by the parties, judgment was rendered dis-
missing the action, of which judgment appellants com-
plain; hence this appeal.

The motion to quash the summons and plea to the
jurisdiction of the court were both properly over-
ruled. The summons was served upon Dawes, in
Mercer county, and the return of the sheriff thereon
shows that he was the sole agent of appellee in that
county. Appellee had no officer in Kentucky, and
Bohon, its former agent in Mercer county, was not its
agent at the time of the institution of the action, nor
had it, as required by section 571 of the Kentucky
Statutes of 1903, filed in the office of the Secretary of
State a statement signed by its president or secre-
tary, giving the location of its office in this State or
the name of its agent thereat upon whom process
could be served. Dawes was at that time its manag-
ing or chief agent in the State, and its only agent in
Mercer county, and, according to his testimony, his
duties were to make sales of the threshing machine
manufactured by the appellee, to assist local agents
in making such sales, settle with local agents as to
their commissions on sales, collect for machines sold,
and act as expert in setting up and repairing ma-
chines. It is true that from and after September 16,
1906, Dawes worked for appellee upon commission,
instead of a regular salary as theretofore; but that
fact did not make him any less an agent of appellee.
He was therefore an agent, as he acted for and stood
in the place of appellee in the business in which he

and it were engaged, and whatever contract he made in the apparent scope of his agency appellee was bound by. He was in Mercer county when the suit was instituted and upon the trial admitted that he sold the threshing machine. to appellants, that he warranted it as charged, and that such warranty was expressed in the written contract of sale. Section 51, subsec 3, Civ. Code Prac., provides: "In an action against a private corporation, the summons may be served, in any county, upon the defendant's chief officer or agent who may be found in this State, or it may be served in the county wherein the action is brought, upon the defendant's chief officer or agent who may be found therein." The contract between appellant and appellee was made in Mercer county, and was to be performed in that county. The service of the summons upon Dawes as agent was also proper under section 72, Civ. Code Prac., which provides with reference to the venue of an action against a corporation such as appellee that, "if it be upon a contract, * * * it may be brought in the county in which the contract is made or to be performed." Newport News, etc., Ry. Company v. Thomas, 96 Ky. 613, 29 S. W. 437, 19 Ky. Law Rep. 706; New South Brewing Company, etc., v. Price, 50 S. W. 963, 21 Ky. Law Rep. 11. In enacting section 571 of the Statutes of 1903, it was not the intention of the Legislature to repeal the sections of the Code, supra, providing for the service of process in the case of nonresident corporations, but to provide an additional person upon whom process might also be served. Paducah Cooperage Co. v. Commonwealth, 122 Ky. 755, 93 S. W. 12, 29 Ky. Law Rep. 304.

The claim of appellee that it had discharged Dawes as agent the day before summons in this case was

served upon him was not in our opinion made in good faith. It has too much the appearance of a subterfuge, and was not sustained by the testimony of Dawes himself. Indeed, it was contradicted by him.

We are also averse to placing any reliance upon the further contention of appellee that the purchase by appellants of the threshing machine in controversy was made of Bohon and the machine sold Bohon by it. This, too, appears to us in the light of the facts presented by the record to be a mere subterfuge. Bohon, like Dawes, was a mere agent of appellee; the only difference being that the former was a local agent, whose agency was confined to the county of Mercer, while the latter was the agent or general supervisor of appellee's business for the entire State. As a matter of fact, Bohon, the local agent, was applied to by appellants as agent of appellee for the machine. The latter, for some reason, referred the sale to Dawes, and it was made and consummated by Dawes, acting for and on behalf of appellee, the manufacturer. The order for the machine and the contract with reference to its purchase, including the warranty given by the appellee, were all made and contained in a form of contract furnished by appellee; and the transaction as a whole shows conclusively that it was a sale made by appellee in the usual course of business. This being true, and there having been a breach of the warranty of sale, appellee will not be permitted to dodge responsibility by shielding itself behind such a subterfuge as attempted. To permit it to do so would be repugnant to our sense of justice, and to the law as well. The proof overwhelmingly shows the breach of warranty complained of by appellants. This is not a case in which the machine purchased merely failed to operate.

satisfactorily, and was nevertheless kept and used by the purchaser. It proved at once to be utterly worthless, because it did not perform at all. Therefore appellants should have been allowed upon the facts of the case to recover damages as claimed by them.

The court below could not grant a cancellation of the notes as they had passed into the hands of an innocent purchaser, who recovered judgment against appellants for the amount of them. Nor does it matter that Bohon was the party who purchased these notes, as the sale of the machine was not made by him to appellants but by appellee's agent Davis, and it does not appear that Bohon was in any way connected with the wrong done appellants in the sale of the machine. In any event, appellee is responsible to appellants upon the warranty contained in the contract of sale. Therefore the court allowed the amended petition to be filed by which appellants claimed damages by reason of the breach of the warranty, and no additional process was required thereon.

It is claimed by appellants, and not denied by appellee, that the judgment of the lower court was based on the theory that the threshing machine was purchased by appellants of Bohon, and not of appellee. As already indicated, we think this conclusion unwarranted by the testimony, the weight of which shows the contrary. Indeed, we may say that the whole of it, when properly analyzed, supports appellants' version of the contract of sale. Appellee was paid the amount of appellants' notes by Bohon, and it cannot complain at being compelled to indemnify and reimburse appellants for the loss they sustained arising from the breach of warranty. It can yet

repossess itself of the threshing machine as it is where it was left by order of its agent when appellants offered to return it.

We see no force in appellee's contention that there should have been a motion for a new trial in the case. It is true that the filing of the amended petition entitled either party to have the case transferred to the ordinary docket, and tried by a jury as a common-law action; but neither party made such a motion. By acquiescence, or common consent, it was allowed to remain upon the equity docket, the proof was all taken by depositions, and the case allowed to proceed in all respects as a cause in equity. This being true, it is too late for appellee to raise in this court, and for the first time, the question of whether the lower court erred in not transferring it to the law docket; and likewise too late to complain that appellants did not enter a motion in the court below for a new trial, following the rendition of the judgment appealed from.

For the reasons indicated, the judgment is reversed and cause remanded with directions to the lower court to enter a judgment in appellant's behalf for the damages claimed, not to exceed the amount of the notes they executed to appellee and freight paid by them upon receiving the machine.

Petition for rehearing by appellee overruled.