## Hughes, et al. v. R. O. Campbell Coal Company, et al.

(Decided February 8, 1924.)

### Appeal from Bell Circuit Court.

1. Appeal and Error—Appellants have no Right to Complain of Erroneous Judgment Against Others.—Appellants have no right to complain of an erroneous personal judgment against others than themselves on a cross-petition without service of process or appearance.

2. Corporations—No Showing of Doing Business in State in Action on Notes.—In action by foreign corporation on notes payable in another state, in the absence of allegation that the notes were either executed or delivered in the state, a claim that plaintiff could not sue because the matter constituted doing business in

the state, and it had not filed the statement required by Ky. Stats., section 571, was without merit.

3. Corporations—Mere Taking of Notes in Settlement of Foreign Transaction Not "Doing Business" in State.—The mere taking of notes in the state, in settlement of a wholly foreign transaction, does not constitute "doing business" in the state, within the contemplation of Ky. Stats., section 571, even though the notes are made payable in the state.

4. Corporations—No Presumption Transaction Constituted Doing Business Within State.—In the administration of Ky. Stats., section 571, relating to the doing of business by a foreign corporation in the state, no presumptions will be indulged to bring a transaction involved within its terms, and the one relying on its violation must clearly show by his pleading, and, if denied, by his evidence, that the transaction was one inhibited by the provisions of the statute.

5. Contracts—Place of Execution Presumed to be Place for Performance.—That a written contract was dated at a place in another state raised a presumption that it was to be performed at that place or at the place of the obligee's residence.

6. Bills and Notes—Place of Payment Presumed at Place of Date.— If a contract is in the nature of a promise to pay, such as a note, the presumption is that the place of payment, in the absence of a designated one, is at the place of its date.

7. Commerce—Statute Requiring Corporations Doing Business Within State to File Statement as to Location of Office and Name of Process Agent Not Applicable to Interstate Transactions.—Ky. Stats., section 571, requiring foreign corporations doing business in the state to file with the Secretary of State a statement giving the location of its office in the state and the name of its agent upon whom process can be served, does not apply to interstate transactions.

8. Commerce—Purchase of Coal f. o. b. Cars, to be Shipped to Another State, Held "Interstate Commerce."—The purchase of coal f. o. b. cars, to be shipped to another state, was an interstate transaction.

9. Corporations—Taking Mortgage to Secure Indebtedness Not "Doing Business" in State.—The taking of a mortgage by a foreign corporation to secure its indebtedness on real property located in the state was not "doing business" in the state, within Ky. Stats., section 571.

10. Dismissal and Nonsuit—Petition Not Dismissed Because Special Plea Not Answered.—In action by foreign corporation, where defendants by special plea alleged that the petition should be dismissed because plaintiff had not complied with Ky. Stats., section 571, relating to foreign corporations, and that it was doing business in the state, but it expressly appeared from the allegations of the petition which were not denied in the special plea that the requirements of the statute were not applicable to the confessed

case, the court did not err in refusing to dismiss the petition because plaintiff did not respond to the special plea.

JAS. H. JEFFRIES for appellants.

WILLIAM LOW and LOW & BRYANT for appellee R. O. Campbell Coal Company.

JAS. M. GILBERT for appellee Liberty Coal & Coke Company.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, R. O. Campbell Coal Company, is a foreign corporation organized under the laws of the state of Georgia. It filed this equity action in the Bell circuit court against appellants and against the appellee, Liberty Coal and Coke Company (hereinafter referred to as Coke Company), whereby it sought the recovery of a judgment against appellants for $72,490.00, and the enforcement of a mortgage lien against some real property situated in Bell county to secure $6,070.00 of the amount sued for. It alleged in the petition that the Coke Company held some kind of lien or claim against the mortgaged property and asked that it be required to answer and set up its claim, which it did and made it a cross-petition against plaintiff and its other co-defendants and against Arcadia Coal Company and H. R. Shorter, and prayed a personal judgment against them for its debt and asserted a superior lien against the property mortgaged to plaintiff to secure it. Summons issued on the cross-petition for the cross-defendants therein against whom personal judgment was sought, but it does not appear that the process was ever served on any of those against whom it was issued, nor did they in any manner enter their appearance to the cross-petition. The original defendants, T. C. Hughes, Leah E. Hughes, Antonio Coal Company and Kentucky Collieries Corporation, filed what they styled an "answer in the nature of a special demurrer to the petition," which they stated was "upon the ground that the plaintiff has not legal capacity to sue herein," and in it they alleged that plaintiff was a foreign corporation, and, in substance, that in transacting the matters upon which it sued it was engaged in doing business in Kentucky, and that it had never complied with the provisions of section 571 of our statutes requiring corporations (except foreign insurance companies) "carrying on any business in this state," to file in the

office of the secretary of state a statement executed as required and "giving the location of its office or offices in this state, and the name or names of its agent or agents thereat, upon whom process could be served." No reply was filed to that pleading (if it may be called such), but plaintiff filed a demurrer thereto, which the court sustained, and defendants declined to plead to the merits, whereupon the cause was submitted upon the petition of plaintiff and the answer and cross-petition of the Coke Company, and the court gave judgment in favor of plaintiff, except the Coke Company, for $6,070.00 with interest, and continued for further adjudication the other item of $66,420.00, sought to be recovered by it in the petition. It also rendered in favor of the Coke Company a personal judgment against the cross-defendants, the Arcadia Coal Company and H. R. Shorter, for the sum of $2,302.65, and adjudged it a superior lien upon the mortgaged real property and directed the latter to be sold by the master commissioner to satisfy the liens adjudged against it, and from that judgment the appellants, T. C. Hughes and wife, and Antonia Coal Company and the Kentucky Collieries Corporation prosecute this appeal.

It is first insisted that the personal judgment in favor of the Coke Company is erroneous because the cross-defendants, against whom it was rendered, were not properly served with process, as seems to be required by section 692 of the Civil Code, as a condition precedent to entitle the cross-petitioner to it. That it is necessary for a cross-defendant to be served with process, or enter his appearance to the pleading filed against him before a personal judgment against him may be rendered, is undoubtedly the correct practice, but the trouble with appellants' contention is that no personal judgment was rendered in favor of the Coke Company against either of them. The only personal judgment in favor of that company was against the Arcadia Coal Company and H. R. Shorter, neither of whom is an appellant here, and appellants have no right to complain of an erroneous judgment against others than themselves. We, therefore, find no cause to disturb the judgment in favor of the Coke Company in the particulars complained of, or for any other reason.

It is earnestly insisted, however, that the judgment for $6,070.00, in favor of the plaintiffs against the appealing defendant, should be reversed because of the error of the court in sustaining the demurrer filed to the writing

(whatever it may be styled) relying on a noncompliance by plaintiff with the provisions of section 571, *supra,* of the statutes. Before entering into a discussion of the merits of that contention, in the light of the facts appearing in the record, we deem it important to say that $2,-070.00 of the $6,070.00, for which plaintiff obtained judgment, was represented by notes payable to plaintiff at its office in Atlanta, Georgia, and the remaining $4,000.00, for which it obtained the judgment appealed from, arose out of a written agreement whereby appellants agreed to pay plaintiff the sum of $5,000.00, the amount which it was compelled to pay to the Citizens' Gas Company of Indianapolis, Indiana, because of a failure of defendants to ship to the latter company three hundred cars of coal purchased by plaintiff of defendants with the agreement and understanding, as appears in the petition, that it was to be shipped to the gas company at Indianapolis, Indiana, in fulfillment of a contract made by plaintiff with the consignee, and which agreement defendants did not fully comply with, but shipped only a small number of cars to the Indianapolis corporation, for each of which it received credit on its $5,000.00 obligation to plaintiff. The other $66,420.00 for which judgment was sought in the petition represented alleged damages claimed to have been sustained by plaintiff on account of the breach of a contract by defendants to furnish to it four hundred cars of coal, as per prior contract with it, three hundred of which were to be shipped to the Indianapolis corporation, as above stated.

It will, therefore, be seen that about one-third of the judgment appealed from was due upon notes executed by defendants to plaintiff and which were to be paid in Atlanta, Georgia. In other words, the contract represented by the notes was to be performed in another state, and there is no allegation that they were either executed or delivered in this state, and they therefore possess none of the qualities of a domestic transaction. Citizens Trust and Guaranty Co. v. Hays, 167 Ky. 560. Moreover, it does not appear that they were executed in satisfaction of any domestic transaction, and for aught that appears the consideration for them may have arisen out of a wholly foreign transaction; which if true, the mere taking of them in settlement of such a transaction would not constitute "doing business" in this state within the contemplation of the section of the statutes relied on, even though they were executed and made payable in this state. Ichen-

hauser Company v. Landrum's Assignee, 153 Ky. 316; Fletcher Cyclopedia Corporations, vol. 9, section 5930, and 14a Corpus Juris, 178-9. The administration of the statute, as herein contended for, and which is of judicial creation only, is highly penal and no presumptions will be indulged to bring the transactions involved within its terms. On the contrary, the one relying on its violation must clearly show by his pleading, and, if denied, by his evidence, that the transaction was one inhibited by the provisions of the statute and, as we have seen, the authorities, *supra,* do not attribute to the facts hereinbefore recited that effect and we hold that as to the item under consideration the special plea contained no defense thereto.

The other item of $4,000.00 was based, as we have said, upon a written contract dated at Indianapolis, Indiana, which itself raises a presumption that it was to be performed at that place, or at the place of the obligee's residence. 13 Corpus Juris, 666-7. And if the contract is in the nature of a promise to pay (such as a note), the presumption is that the place of payment, in the absence of a designated one, is at the place of its date. 8 Corpus Juris 557. But, however that may be, the written obligation for a violation of which the $4,000.00 was sought to be recovered was, as we have seen, in settlement of a claim arising out of an agreement on the part of defendants, as alleged in the petition, to ship three hundred cars of coal to the Citizens' Gas Company at Indianapolis, Indiana, being a part of a purchase of four hundred cars made by plaintiff of defendants; and the requirements of the statute do not apply to interstate transactions. Commonwealth v. Eclipse Hay Process Co., 31 Ky. L. R. 824; Bondurant v. Dahnke-Walker Milling Co., 175 Ky. 774; Same v. Same, 185 Ky. 386; E. C. Artman Lumber Co. v. Bogard, 191 Ky. 392; Louisville Trust Co. v. Bayer Steam Soot Blower Co., 166 Ky. 744; Fletcher Cyclopedia Corporations, vol. 9, section 5921, and 14a Corpus Juris, 1283-1290, both inclusive. But, it is insisted that the purchase by plaintiff of the four hundred cars of coal, three hundred of which were to be shipped to Indianapolis, was not an interstate transaction, since the contract for the coal provided that plaintiff was to take it f. o. b. cars. The place where the cars were to be accepted under those terms is not stated, but if we should assume that it was at defendant's mine, which is in Kentucky, then the facts do not prevent the transaction from being one in interstate commerce.

The facts in the case of the Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 Sup Ct. Rep. 106, were more favorable toward supporting appellants' contention than are the facts presented by this record. In that case the defendant, Milling Company, purchased wheat in this state f. o. b. cars Hickman, Kentucky, without any agreement on the part of the seller to ship the wheat to its place of business in another state, but the facts showed that it was its intention to do so and that it purchased the wheat for that and no other purpose, and which fact was known to the seller. The Supreme Court reversed this court (175 Ky. 774) and held the transaction to be one in interstate commerce, and in its opinion said: "The contract was made in continuance of that practice, the plaintiff intending to forward the grain to its mill as soon as the delivery was made. In keeping with that purpose the delivery was to be on board the cars of a public carrier  Applying to these facts the principles before stated, we think the transaction was in interstate commerce. The state court, stressing the fact that the contract was made in Kentucky and was to be performed there, put aside the further facts that the delivery was to be on board the cars and that the plaintiff, in continuance of its prior practice, was purchasing the grain for shipment to its mill in Tennessee. We think the facts so neglected had a material bearing and should have been considered. They showed that what otherwise seemed an intrastate transaction was a part of interstate commerce. See Swift & Co. v. United States, 196 U. S. 375, 398; United States v. Reading Co., 226 U. S. 324, 367; Pennsylvania R. R. Co. v. Clark Brothers Coal Mining Co., 238 U. S. 456-468; Eureka Pipe Line Co. v. Hallanan, *supra.*"

In this case it was not only the intention of plaintiff to ship the coal (notwithstanding it was purchased f. o. b. cars) to Indianapolis, Indiana, and the remaining one hundred cars to its place of business in Georgia, but as to the three hundred cars defendants expressly agreed to so ship them. It was, therefore, clearly an interstate transaction.

It is, however, again insisted that the taking of the mortgage by plaintiff to secure its indebtedness on the real property located in Bell county was "doing business" in the state and brought that transaction within the inhibitions of the statute, but that contention was expressly decided by this court against plaintiffs in the

Ichenhauser Company case, *supra,* wherein the same contention was made.

Lastly, it is insisted that plaintiff by not responding to and thereby confessing the special plea, which defendants styled as "being in the nature of a demurrer," its allegations should have been treated as admitted and the court erred in not dismissing the petition. The facts relieving the transactions sued on from the operation of section 571, and which we have hereinbefore discussed, appeared from the allegations of the petition, and they were not denied in the special plea. When the cause was submitted they stood in the record as confessed, and it is our conclusion that the court had the right to take them into consideration in determining whether that plea should or not prevail. If the recited avoiding facts had not expressly appeared in the record, or if they had not been confessed because of a failure to controvert them, a different question would be presented. As it appeared from the entire record, when the cause was submitted to the court, defendants ought not to be allowed to rely upon a non-compliance with the provisions of the section of the statute because of the avoiding facts elsewhere appearing. It would be a highly penal administration of the statute to say that under such circumstances it was the duty of the court to dismiss the petition, notwithstanding it appeared from the record that its requirements were not applicable to the confessed case. As hereinbefore stated, we are not disposed to extend the disabling effect of the statute and farther than has already been done, and where it appears in the record without contradiction that the statute is not applicable to the transaction involved, the suit will not be dismissed, although the avoiding facts are not presented strictly according to the technical rules of practice.

It, therefore, follows that appellants have shown no grounds for disturbing either judgment and they are each accordingly affirmed.