# Mergenthaler Linotype Company v. Griffin.

(Decided November 2, 1928.)

## Appeal from Gallatin Circuit Court.

1. Judgment.—Default judgment against foreign corporation can be vacated only if defendant did not by consent personally submit itself to court's jurisdiction, or was not doing business in state, so that court could not acquire jurisdiction of its person without its consent.

2. Judgment.—To sustain default judgment against foreign corporation, the record on appeal from order overruling motion to vacate it must affirmatively show that court rendering it acquired jurisdiction of defendant in some way.

3. Corporations.—A corporation being not only an artificial but an invisible, intangible entity, manifesting its presence only through activities of its agents, an agent coming into state and there transacting business for corporation brings corporation with him, and by his activities manifests its presence within state.

4. Corporations.—Sheriff's return, stating that he executed writ directing him to summon corporation to answer, etc., by delivering a copy to its chief officer and managing agent in county, held insufficient, in absence of showing that such officer was in state on business for corporation or had done anything to manifest its presence in state.

5. Corporations.—Service of process on managing agent or other officer of corporation, while in state wholly on private business, is not a valid service on foreign corporation not doing business within state.

6. Corporations.—Unless foreign corporation is in business in state and manifesting its presence there by activities of its agents, it cannot be sued there.

7. Corporations.—Where record contains sheriff's return of service of process, such return and not recital of due service in judgment will control in determining whether court acquired jurisdiction to sustain default judgment against foreign corporation.

8. Corporations.—Words "managing agent" in sheriff's return, following name of person served with process, was not sufficient to show that he was managing defendant foreign corporation's business in state, being merely descriptio personae and surplusage, serving merely to identify such person, not his activities.

9. Judgment.—To sustain personal default judgment against foreign corporation, it must appear that it is doing business in state and has been served with process or voluntarily entered its appearance.

10. Corporations.—Foreign corporation, having man in state authorized to do and doing business for it, is doing business in state, and may be sued therein, no matter what its conception of his relation to it may be, and process served on such agent gives court jurisdiction of corporation.

11. Corporations.—Foreign corporation voluntarily doing business within state submits itself to jurisdiction of state, just as does a person coming into it, and service of process on agent of such corporation in state gives court jurisdiction to render personal judgment against it.

WINSLOW & HOWE for appellant.

R. B. BROWN and JOHN L. VEST for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIOER—Reversing.

Appellee, Griffin, obtained a default judgment against appellant, Mergenthaler Linotype Company. Claiming this judgment was void, it made a motion to vacate it, and from the order overruling that motion it has appealed. On February 10, 1926, the plaintiff filed in the Gallatin circuit court the following petition:

> "The plaintiff, Chambers Griffin, says that the defendant, Mergenthaler Linotype Company, is a corporation created under the laws of the state of New York, and is authorized to sue and be sued, contract and be contracted, and to do business in the state of New York, and other states of the United States, under and by its corporate name, 'Mergenthaler Linotype Company.' Plaintiff says that he is the owner and entitled to the possession of one linotype, and of the value of Twelve Hundred Dollars; that said defendant has possession of said linotype, and has wrongfully detained same more than sixty days to plaintiff's damages in the sum of Two Hundred Dollars.
>
> "Wherefore plaintiff prays judgment against said defendant for the recovery of the linotype, or its value, Twelve Hundred Dollars and Two Hundred Dollars for damages for its detention and all proper relief."

Process issued on that petition, and on that same day the sheriff made the following return thereon:

> "Executed the within summons by delivering a true copy thereof to William A. Hefferman, Chief Officer and Managing Agent of the Mergenthaler Linotype Company, found in Gallatin county, Kentucky; the president, vice president, secretary librar-

ian, cashier, treasurer and clerk being absent from said county. This February 10, 1926, L. J. Spencer, Sheriff Gallatin county, Kentucky."

In its judgment entered March 16, 1926, the court recites:

"The defendant, the Mergenthaler Linotype Company, a corporation, having been duly summoned herein, and having failed to answer, on motion of the plaintiff, the allegations of the petition are taken for confessed, etc."

The court then proceeded in its judgment to fix the value of the linotype at $1,200 and to adjudge that plaintiff had been damaged by its detention in the sum of $200. The court gave the defendant 30 days in which to return the linotype, and provided that if it did not do so within 30 days, then execution might issue for the full amount of the judgment, to wit, $1,400. On June 28, 1926, the defendant, appearing specially, moved the court to vacate and set aside this judgment and gave six grounds therefor, which we shall not copy, because the copying of them would serve no useful purpose.

If this judgment is to be vacated, it must be because the defendant had not, by consent, personally submitted itself to the jurisdiction of the court, which nowhere appears in the record, or because the record does not show the defendant was doing business in Kentucky, and hence the court could not acquire jurisdiction of the person of the defendant without its consent. Neither of these things was directly and without qualification stated in the motion to vacate the judgment. As the plaintiff's petition shows the defendant was a foreign corporation, this record must therefore somewhere show affirmatively that the Gallatin circuit court in some way acquired jurisdiction of the person of the defendant in order to sustain the judgment.

In St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222, the Supreme Court of the United States said:

" . . . It is sufficient to observe that we are of opinion that when service is made within the state upon an agent of a foreign corporation, it is essentrial, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record—either in the application for the writ, or accompanying its service, or in the pleadings or the finding of the court—that the cor-

poration was engaged in business in the state. The transaction of business by the corporation in the state, general or special, appearing, a certificate of service by the proper officer on a person who is its agent there would, in our opinion, be sufficient prima facie evidence that the agent represented the company in the business. It would then be open, when the record is offered as evidence in another state, to show that the agent stood in no representative character to the company, that his duties were limited to those of a subordinate employe, or to a particular transaction, or that his agency had ceased when the matter in suit arose.''

It is admitted, that appears nowhere in this case, unless it be in the officer's return, and Griffin relies on that return and the similarity of it to the return made in the case of International Harvester Co. v. Commonwealth, 147 Ky. 655, 145 S. W. 393, which case was later appealed to the Supreme Court of the United States, and affirmed by that court. See Id., 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. There is, however, this striking difference between the Harvester case and this case—in the Harvester case, there was proof offered by both sides concerning the activities in Kentucky of the Harvester Company, whereas in this case no proof was offered by either side. A corporation has often been said to be an artificial person. Not only is it artificial, but it is also intangible, invisible, and but for its activities, it would be imperceptible. It is easy to know when a person comes within a state, for his body is a tangible, visible thing, but in the case of a corporation it is different. It has no body to which one can point and say, ''There it is.'' Neither is it perceptible to the touch, and it only manifests its presence by the activities of its agents. The agent, however, is not the corporation, and may come within the state without bringing the corporation with him; but when an agent of a corporation comes within a state and there begins to transact business for the corporation, then he has brought the corporation with him, and by his activities he has manifested the presence of the corporation within the state. The determination of the question whether a foreign corporation is doing business within a state or not is often a matter of great difficulty and extreme nicety. No all-embracing rule as to what is doing business has been laid down. 14a C. J. 1372, sec. 4079. It will not be necessary for us to deter-

mine that question in this case, for we have not here a question of how much or what kind of business the defendant did. Our question is: Does this record show that it did any business at all in Kentucky?

The writ in this case directed the sheriff to summon the Mergenthaler Linotype Company to answer, etc. When the sheriff received this writ, it was his duty to seek to find that defendant, and if his return had been, "executed the within summons upon the Mergenthaler Linotype Company by delivering, etc.," it might be argued that the sheriff had done his duty, had sought and had found the defendant; but that is not the return. The sheriff merely says that he executed this summons by delivering a copy thereof to William Hefferman, chief officer and managing agent of the Mergenthaler Linotype Company. There is nothing in the sheriff's return to show that Hefferman was here on business for the defendant or had done anything to manifest the presence of the defendant in this state.

> "There is no valid service upon a foreign corporation where the service is merely upon the president and he is in the state purely upon private business, and the corporation is not and has not been doing business within the state." Connecticut Mut. Life Ins. Co. v. Sprätley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569; Riverside, etc., Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910; Armstrong Co. v. N. Y. C. & H. R. R. Co., 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335.

What we have just said, relative to a service of process on the president, would apply to service on the managing agent, or any other officer of the corporation. If it were true that an officer of the corporation by coming within the state brought with him the corporation, so that service could be had upon the corporation by serving such officer, then the Jefferson circuit court could on Derby Day be absolutely swamped, and almost every important corporation in North America could be sued there because most of their chief officers are in Louisville that day to see the Derby. Such is not the rule. A corporation is not a tramp. It is supposed to have a fixed home, and place of business, and it can only be sued at those places. Of course, a corporation can have more than one place of business. It can have business

places in many states, and many corporations do, but unless a corporation is in business in a state and manifesting its presence there by activities of its agents (being without body of its own, that is the only way it can manifest its activities), it cannot be sued there. It may be insisted, however, that since the court did find in this case that the Mergenthaler Linotype Company had been duly served and since the presumption is in favor of the correctness of the court's judgment, we must therefore conclude that the court correctly so determined, and that its determination of that question is final. However, where the record contains the sheriff's return of service of process, such return, and not a recital of due service in the judgment, will control in determining whether or not the court acquired jurisdiction to sustain the judgment. See Swarts v. Christie Grain & Stock Co. (C. C.) 166 F. 338.

In the case of Barbourville Real Estate Co. v. Matthews, decided by the superior court of this state, an abstract of the opinion being reported in 14 Ky. Law Rep. 767, the judgment recited that the defendant "had been duly served with summons executed upon its president and secretary," but the return itself did not support the recital of the judgment, and the court held that the defendant was not before the court.

In the case of Denham v. Anderson, 14 Ky. Law Rep. 391, the superior court had before it again a case wherein the trial court had recited that a verbal notice given Denham of the proceedings against him would give the court jurisdiction, but again it was held otherwise. If the court in its judgment had said, "It appears from proof heard that the defendant has been duly summoned," then the presumption in favor of the correctness of the court's judgment would prevail, unless that proof upon which the court acted were brought here, in which event it would be subject to review just like any other finding of the trial court. The court did not say that, however, and the presumption is the court acted upon the sheriff's return, and if the court's judgment is rested upon the sheriff's return, and we must say it is, from the state of this record, then that part of the court's judgment is no more sacred than any other part and is subject to review. The sheriff's return is in the record. The words "managing agent" following the name of Hefferman are merely descriptio personae, and surplusage. They merely serve to identify Hefferman. They

described him, not his activities.  If the sheriff's return had shown that Hefferman was managing the defendant's business in this state, the presumption would be that the sheriff had actually found that the defendant was doing business in the state, and that Hefferman was managing that; but the mere addition of the words "managing agent" to the name of Hefferman is not sufficient to show that.  He may have been managing agent of the defendant in some other state, and to sustain a personal default judgment against the defendant, it must appear that the defendant is doing business here, and has been served with process or has voluntarily entered its appearance.  Neither of those things appears.  If the record shows how the service was made, there is no room for presumption, and this court will from its examination of the record, determine for itself whether or not the service was good.

In the motion to vacate this judgment it is alleged:

"That said defendant is not doing business in the state of Kentucky within the meaning of the provisions of the laws of this state requiring defendant to have an agent in Kentucky on whom process may be served.  That said defendant did not at the time of the institution of this suit have and has not since had an agent in Kentucky."

That is the defendant's conclusion regarding its status here, but that is not the question.  The question is:  Was it doing business here?  If it was, it had an agent here; for it, having no mind or body of its own, cannot do business otherwise than through agents.  If it has a man in this state authorized to do business for it and he is doing so, then it is here, is doing business here, and may be sued here, no matter what its conception of this man's relation to it may be, and process served on such agent gives the court jurisdiction of the defendant.  See Pennebaker Bros. v. Bell City Mfg. Co., 130 Ky. 592, 113 S. W. 829.

When a corporation voluntarily does business within a state it has submitted itself to the jurisdiction of that state just as a man has when he comes into a state.  If the process of a court is served on an agent of such corporation there, the court then acquires jurisdiction to render a personal judgment against the corporation as much so as against a man served there.  Unless this ap-

pears, however, the court does not have jurisdiction to render a personal judgment against such defendant. From this record it appears this service was not good. In our study of this question, we have examined more than 50 cases involving similar questions, and in all of them proof was offered either to sustain or to overthrow the judgment. The case is unique in that no effort was made by either side to produce proof on the question, although the court gave ample time for the parties to do so.

The action of the court in refusing to vacate this default judgment was erroneous, and it is reversed, with direction to vacate the default judgment in question, and for such further proceedings as may be had consistent with this opinion.