## Snowden v. Masonic Life Association of Western New York et al.

(Decided May 27, 1932.)

MARCUS C. REDWINE for appellant.

BENTON & DAVIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

It appears from the petition in this case that on August 29, 1905, the named appellee in the caption issued a policy on the life of appellant and plaintiff below, John A. Snowden, Sr., agreeing to pay his estate upon notification and proof of his death the sum of $1,000, and that the insured in consideration therefor agreed to pay the insurer monthly dues, which began at the sum of $2.11. There was some kind of attachment to the policy which, as copied in the petition, reads as if it was an accompanying letter, and which contains this language: "As explained to you by the agent who solicited you and our literature, you will note that the cost increases a trifle each year at your birthday up to age 65, not thereafter." Plaintiff alleged that he was now 79 years of age and that he had paid monthly dues up to the date of filing the petition, but that the defendant demanded a greater amount as monthly dues than he was required to pay at the age of 65 and which was done pursuant to certain of its by-laws, but none of which was attached to his policy, and for which reason he contended that defendant was confined to the amount of monthly dues exacted of him at the age of 65 and that it had no authority under its contract to increase that amount after that day.

In making that contention plaintiff attempts to bring the defendant within the provisions of section 679 of our present Statutes, and to exclude it from the saving clause therein saying: "This section and this subdivision shall

not apply to secret or fraternal societies, lodges, or councils, which are under the supervision of a grand or supreme body, and secure members through the lodge system exclusively,'' etc., although it is expressly averred in the petition "that the defendant is a fraternal benefit insurance society or association.'' If it be such, and if it is a secret one under the supervision of a grand or supreme body and secures its members through the lodge system in the manner pointed out in the statute, it is not subject to the provisions of section 679 and can and has the right to make (if it is so provided in its policy) periodical changes in the amount of its monthly dues without attaching the evidence thereof to the policy so as to meet the necessities and requirements in the discharge of its obligations to other policyholders, and which may all be provided for through by-laws enacted subsequent to the issuing of the policy upon condition, however, that plaintiff's policy attempts to bind him by such subsequently enacted alterations and changes.

The purpose of this action is to procure from the court a declaration of the rights of the parties on the particular points referred to, and which is necessarily based upon the facts relating to, whether or not plaintiff's policy was issued by a company within the terms of section 679, supra, and in such a manner as to call for an application of that section. The alleged facts are not sufficiently explicit to enable the court to determine that question, or to make a declaration of the rights of the parties concerning it, and plaintiff's pleading would have been bad on demurrer had one been filed thereto. But what we have so far said applies to the merits of the case and which, under the ruling of the court below, and to be subsequently considered, is not now presented, and we mention it only as a reason for our conclusion and determination hereinafter expressed.

The summons on the petition was executed on the insurance commissioner of the commonwealth of Kentucky. Defendant appeared for the sole purpose of moving to quash the return thereon upon the ground contained in an affidavit of counsel in which he stated that neither defendant (one of them being but a successor of the one who issued the policy) has any office or place of business in the commonwealth of Kentucky, nor any agent therein, and that neither of them has heretofore or is now authorized to do or transact any business in

this state, and that neither of them has ever filed with the commissioner of insurance of this commonwealth

> "a resolution adopted by its board of directors, consenting that service of process upon the Commissioner of Insurance of this state, or any action brought or pending in this state, shall be a valid service upon said company."

It was further stated in the affidavit, and which also appeared in the petition, that the two defendants were foreign corporations having their home office in Buffalo, N. Y. The court thereupon quashed the return of the sheriff, and counsel for plaintiff declined to plead further and stated in open court "that the only process he could secure is that already obtained as shown herein," and consented that if the court held the service defective the petition might be dismissed, which was accordingly done. Following that action, and at the same term, plaintiff tendered and filed an amended petition and moved the court to reconsider its ruling upon the motion to quash the return of the sheriff on the summons, and the court declined to modify that order, and from such ruling plaintiff prosecutes this appeal.

We are not advised as to the ground upon which the court acted in making the rulings complained of, but we can conceive of two, either of which if decided by the court in one way would support the action it took, and they are: (1) Whether or not defendants, as foreign corporations, were within this jurisdiction by being engaged in the transaction of business therein so as to give the courts of this state jurisdiction to render personal judgment against them after proper service was had; and (2) whether or not the service on the insurance commissioner was sufficient to bring them before the court (conceding the venue of the action), notwithstanding neither of them had ever filed with such commissioner a resolution of their governing bodies

> "consenting that process against them in this state might be served upon the commissioner."

The latter ground, (2), is the only one argued on this appeal by counsel for both sides. However, if it should be determined in favor of defendants (but upon which we express no opinion at this time), it would still leave the rights of the parties undeclared and unadjusted,

if the action is maintainable in this state, and which depends on whether or not defendant is doing business therein, since if it is so engaged then a multitude of questions might arise as to the person upon whom process could be served in order to give personal jurisdiction of defendant, notwithstanding the insurance commissioner might not be one of them. For example, a resident agent within the state in charge of, or transacting any business therein might be a person upon whom process could be served so as to bring defendants into court, or some nonresident agent might be in the state and engaged in the transaction of business for defendant local to the state, and especially if it related to the particular transaction involved, might also be one upon whom service might be had in an action filed in this state. See Connecticut Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569.

Perhaps there is no question in the law more complicated and confused as the one attempting to define what is "doing business" within a particular territory or jurisdiction, as will be seen from an examination of the cases of: The Spratley case, supra; International Harvester Co. of America v. Commonwealth of Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; Provident Savings Assurance Soc. v. Commonwealth of Kentucky, 239 U. S. 103, 36 S. Ct. 34, 60 L. Ed. 167, L. R. A. 1916C, 572; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Security Benefit Association v. Reising 227 Ky. 804, 14 S. W. (2d) 150; Mergenthaler Linotype Co. v. Griffin, 226 Ky. 159, 10 S. W. (2d) 633; Commonwealth v. Chattanooga Implement & Manufacturing Co., 126 Ky. 636, 104 S. W. 398; Makeever v. Georgia Southern & Florida Railway Co., 219 Ky. 699, 294 S. W. 144; Jones v. General Motors Acceptance Corporation, 205 Ky. 227, 265 S. W. 620; Hughes v. R. O. Campbell Coal Co., 201 Ky. 839, 258 S. W. 671; Larkin Co. v. Commonwealth of Kentucky, 172 Ky. 100, 189 S. W. 3; Ichenhauser Co. v. Landrum's Assignee, 153 Ky. 316, 155 S. W. 738; Commonwealth v. Provident Savings Life Assurance Society, 155 Ky. 197, 159 S. W. 698; and many others cited in those opinions. See also, the text in 14 C. J., pp. 1368-1382.

An examination of the law as outlined in the cases and textbooks will demonstrate that it is a much easier

task to determine what is not "doing business" than to affirmatively declare what particular conduct comes within the phrase, "doing business." Consequently, the opinions referred to expressly say that "each case must depend upon its own facts." Neither the petition in this case nor the amendment thereto discloses the place where plaintiff's policy was negotiated and executed, nor where it was to be performed. For aught that appears in the pleadings that contract may have been executed in such a manner as to render it a New York contract and to require the application of the laws of the state of New York, or of some other state than Kentucky, in determining the rights of the parties, and if that be true they could not be determined without a manifestation of the governing law of the state where such matters occurred. Neither does it anywhere appear that any of the policies issued by defendants, that may be still outstanding in the commonwealth of Kentucky, were issued in a manner to render them Kentucky contracts and governed by its laws. Likewise, if the defendants have withdrawn from the state and are no longer issuing policies to any of its citizens, then we are left in the dark as to how and through whom the monthly dues are collected or remitted, so as to enable the court to determine whether defendants are now "doing business" in this commonwealth.

Neither, as we conclude, does the affidavit of counsel for defendant sufficiently manifest such facts as to authorize a final declaration of the rights of the parties. Section 639a-6, Civ. Code Prac., and which is a part of our Declaratory Judgments Statute, says, inter alia:

"When, in its opinion, further pleadings or proof is necessary to a final and correct decision of the matters involved, or that should be involved, it shall remand the case for that purpose"

and, it may direct a dismissal without prejudice in the lower court. Since plaintiff would have the right to obtain a declaration of his rights under his policy in the proper court in this commonwealth in the manner hereinbefore suggested, if the existing facts authorized it, notwithstanding the service on the insurance commissioner might be insufficient for the reasons argued by counsel for defendants (but which we do not now determine), we have concluded that under the authority of the inserted provision from section 639a-6 of our Civil Code

of Practice the judgment of dismissal in this case should not have been absolute, but only a dismissal "without prejudice" to a future action.

Wherefore, for the reasons stated the judgment is reversed, with directions to so modify it upon a return of the case.

The whole court sitting.