254 A.2d 81.

UNION SAVINGS BANK *vs.* ANTHONY DEMARCO, *et al.*

MAY 28, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from superior court judgments denying the defendants' motion to compel answers to interrogatories, and granting the plaintiff bank's motion for summary judgment.

On May 9, 1962, defendants Anthony and Doris DeMarco executed a mortgage of their real estate located in Tiverton, Rhode Island, to plaintiff bank, a Massachusetts corporation, to secure performance of a promissory note of even date therewith. This mortgage was foreclosed December 23, 1967, for breach of conditions, and a sale was held pursuant to the power of sale contained therein, for the sum of $18,450. After plaintiff bank deducted the balance due on its note and the necessary costs of the sale, a surplus of $4,782.61 was left in plaintiff's hands. There being two attachments recorded against defendants at the Tiverton town hall on the date of the foreclosure, plaintiff brought an action of interpleader to determine ownership of the surplus funds, and named as defendants therein the DeMarcos as well as the two attaching creditors. The defendants' answer admitted the allegations in the complaint relative to the foreclosure sale and the balance due on the mortgage, but, in essence, challenged the validity of the contract relative to the promissory note and the mortgage given as security thereon, because plaintiff is a foreign banking corporation and has not complied with G. L. 1956, chaps. 1 through 6 of title 7, as amended, the general corporation law, and chaps. 1 through 20 as well as 24 of title 19, as amended, the banking act. In connection with this phase of their answer, defendants filed a counterclaim whereby they claim title to the full proceeds of the foreclosure sale and appropriate incidental relief.

The bank thereupon filed a motion for summary judg-

ment as to defendants' counterclaim. Thereafter defendants' attorney requested further time to gather additional information with which to prepare a sufficient defense, and in connection therewith filed a motion to compel plaintiff to answer interrogatories relative to the number of mortgages plaintiff has held since May 9, 1962, on Rhode Island property, and whether or not any repayment of said loans was made by deposit in the United States mail in Rhode Island; the number of foreclosures commenced by plaintiff on mortgages secured by Rhode Island property since May 1, 1960; and the number of plaintiff's depositors who resided in Rhode Island on May 9, 1962, and December 23, 1967.

The motion to compel, and later the motion to dismiss defendants' counterclaim, were heard before a justice of the superior court and it is from adverse decisions thereon that defendants appeal to this court.

At the threshold of defendants' contention is their argument that plaintiff, Union Savings Bank, was illegally doing business in the state of Rhode Island within the contemplation of G. L. 1956, chaps. 1 through 6 of title 7, as amended, and chaps. 1 through 20 as well as 24 of title 19, as amended, when in connection with the granting of a loan to defendants at plaintiff's office in Fall River, Massachusetts, it accepted as security for such loan a mortgage on defendants' real property located in Rhode Island, recorded such mortgage, and thereafter caused the same to be foreclosed.

In connection with their position relative to plaintiff's failure to comply with certain sections of the corporation law, and alleged violation of several sections of the banking act, defendants conveniently disregard the basic fact that the loan was contracted and the mortgage deed was executed in Massachusetts where plaintiff is located. The fact that the real estate which was given as security for this concededly Massachusetts contract is located in Rhode

Island, is incidental to that contract and does not remove the locus of that contract to the jurisdiction of Rhode Island. Although this court has not heretofore had occasion to consider the proposition defendants propound in relation to the above cited statutes, it has long been settled by the courts in several of our sister states with similar statutory provisions that the contracting of a loan in one state secured by a mortgage on property located in another state does not constitute doing business in the state where the property is located. See *Land Development Corp.* v. *Cannaday*, 74 Idaho 233, 258 P.2d 976; *Hughes* v. *R. O. Campbell Coal Co.*, 201 Ky. 839, 258 S.W. 671; *Harriman Nat. Bank of City of New York* v. *North Shaker Blvd. Co.*, 25 Ohio N.P. (n.s.) 263.

Hence, the provisions of Rhode Island law on which defendants rely have no applications in the present case.

Neither was there error in the superior court justice's denial of the defendants' motion to compel answers to the interrogatories which plaintiff refused to answer. Clearly, if the nature of the transaction in which defendants were involved is not violative of our statutes, multiplicity of identical transactions is without materiality.

Furthermore, with regard to the interrogatory relative to the possibility of a substantial number of repayments being made by Rhode Island residents via mail originating in this state, we assume that defendants are raising a conflicts-orientated issue which would cause the locus of the initial contract to be removed to Rhode Island. If so, we are persuaded by the reasoning of Restatement (Second) of Conflicts §189 comment *b* (Proposed Official Draft 1968) where at page 215 it is stated, "* * * the rule does not apply to contracts in which one party agrees to lend the other money and the other promises to repay the loan and also to give a mortgage on his land as security. Here the debt is the

principal thing in the minds of the parties, and the promise to give the mortgage is acessory to the debt."

The defendants' appeal is denied, judgment affirmed and the case is remitted to the superior court for further proceedings.

*Corcoran, Peckham & Hayes, Joseph T. Houlihan,* for plaintiff.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for defendants.