TYLER v. CONSOLIDATED PORTRAIT FRAME CO. (No. 649.)

(Court of Civil Appeals of Texas. El Paso. Jan. 18, 1917. Rehearing Denied Feb. 8, 1917.)

CORPORATIONS &#9756;642(1)—FOREIGN CORPORATIONS—"DOING BUSINESS."

The execution in the state of a letter of credit for $200 by two persons, and the mailing of it to a foreign corporation, which required the party who was to represent it as special agent to have his account guaranteed by such a letter, did not constitute "doing business" in Texas, so as to require the corporation to comply with the Texas statute, and to obtain a permit to do business in Texas as a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520, 2521; Dec. Dig. &#9756;642(1).

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

Appeal from Reeves County Court; Ben Randals, Judge.

Suit by the Consolidated Portrait Frame Company against Robert P. Tyler. From a judgment for plaintiff, defendant appeals. Cause affirmed.

Jno. B. Howard, of Pecos, for appellant. Clay Cooke, of Pecos, for appellee.

HARPER, C. J. This suit was instituted by appellee against appellant upon what is called by the parties hereto a letter of credit.

Plaintiff below alleged that it was incorporated under the laws of Illinois; that in order to induce plaintiff to extend credit to one J. D. Horton, defendants executed the letter of credit attached to the petition and, hereinafter incorporated in the findings of facts; that goods to the amount of $190.67 were shipped to said Horton upon the faith of said obligation; that said Horton failed to pay, and thereupon defendants became liable for the value of such goods and 6 per cent. interest and attorney's fees; and further alleged that it (plaintiff below) is not engaged in doing business in Texas except that it receives orders for its goods from all points of the United States, and that it maintains an office and place of business only in Chicago, Ill.

Defendant excepted to the petition upon the ground that it showed upon its face that plaintiff is a foreign corporation, and that it did not show that it had complied with the laws of Texas to enable it to do business in this state; therefore it cannot maintain a cause of action, etc. Defendant specially pleaded that the action not having been brought at the first term of the court after the obligation became due, it was guilty of

such laches as that defendants are relieved from payment of their obligation.

Tried before the court without jury and judgment was entered for plaintiff, appellee here, for $244.97 and interest, etc., from which this appeal.

Two assignments of error are urged to the same effect, that the pleadings and evidence show that appellant is a foreign corporation, without permit to do business in Texas; therefore the judgment entered is void.

### Findings of Fact.

The obligation set up and made a part of the petition as a basis of this cause of action is as follows:

### "Letter of Credit.

"Town, Trinidad; State, Colorado. Consolidated Portrait & Frame Co. (a Corporation), 1029-1035 W. Adams St., Chicago, Ill.—Gentlemen: Should J. D. Horton now have any order or orders for goods on file with you or should order goods of you at one or several times within the next twelve months from June 6, 1914, we jointly and severally request that you ship such goods to his order, allowing credit, for thirty days from date of shipment, and if said J. D. Horton shall fail to pay for such goods within thirty days after date of shipment, we agree to pay for such goods at the price you charged him for same; and provided our responsibility shall not exceed two hundred ($200.00) dollars; and providing that it shall not be necessary for you to notify us or either of us of your acceptance of this letter of credit, such notice being expressly waived. We waive all notice to us of shipments made to said J. D. Horton on the faith of this letter of credit, as well as notice that he failed to pay for such goods, and in case the collection of the amount due to you by virtue of the credit you extend to said J. D. Horton, by virtue of this letter of credit, is enforced by suit, we agree to pay all court costs, attorney's fees, and the attorney's fees may be included with the judgment. For the purpose of enabling said J. D. Horton to obtain credit from your house, we represent that we are worth not less than one thousand ($1,000.00) dollars over and above exemptions, liabilities and obligations of all kinds which we now have. Date, ———. No. 1, Signer's name, C. Tyler. P. O., Pecos, Texas. Occupation, ———. No. 2, Signer's name, Robt. P. Tyler. P. O., Pecos, Texas. Occupation, ———. No. 3. Party in whose favor this letter of credit is made, sign here: J. D. Horton. Bank at which No. 1 is known: Pecos Valley Bank, Pecos, Texas. Bank at which No. 2 is known: Pecos Valley Bank, Pecos, Texas."

This letter of credit was received by appellee at Chicago, Ill., whereupon the following letter of inquiry was sent to appellant, at Pecos, Tex.:

"Mr. Robert Tyler, Pecos, Texas—Dear Sir: Mr. J. D. Horton has decided to represent us as a special agent and in order to have his goods shipped on thirty days' time, which gives him an opportunity to make delivery and collections before paying for them, has sent a 'letter of credit' signed by you. We have every reason to believe that you understood and signed this letter, but to avoid any misunderstanding, we are writing you and registering the letter so that it will be sure to reach your hands. We ask that you let us know by return mail if you understood and signed the letter for this party. We will probably want to make a shipment to him in the next few days, and in order that we may accommodate him, we would ask that you answer at once, using the inclosed stamped envelope. Until that time, we remain, Yours very truly, Consolidated Portrait & Frame Co., Geo. R. Ground, Mgr. Credit Dpt."

In due course of mail, the letter was returned with following indorsement thereon:

"Consolidated Portrait & Frame Co., Chicago—Gentlemen: I understood and signed the 'letter of credit' referred to. Date 8/17/14. Name, Robert P. Tyler. P. O., ———. State, Texas."

Thereafter goods were shipped to the amount sued for to said Horton, for which he failed to pay.

It will be noted that the only part of the business which is in any wise a basis for the cause of action done in Texas was the execution and mailing of the letter of credit. This in no sense constituted doing business in Texas, such as to require appellee to comply with the Texas statute invoked and to obtain a permit to do business in Texas as a foreign corporation. Cones & Son Mfg. Co. v. Rosenbaum, 45 S. W. 333; Caldwell v. State of North Carolina, 187 U. S. 622, 23 Sup. Ct. 229, 47 L. Ed. 336; Allen v. Tyson-Jones Briggs Co., 91 Tex. 22, 40 S. W. 393, 714.

The assignments are therefore without merit, are overruled, and cause affirmed.