## Jones v. General Motors Acceptance Corporation.

### (Decided October 24, 1924.)

### Appeal from Fayette Circuit Court.

1. Corporations—Foreign Corporation Doing Business in State Without Compliance with Laws Cannot Recover on Contract Made in State.—Foreign Corporation doing business in state without having complied with Ky. Stats., section 571, cannot recover on contracts made and executed in state in course of its business.

2. Corporations—Foreign Corporation Financing Automobile Dealers Held Not "Doing Business in State."—Foreign corporations financing automobile dealers through office in another state, by discounting notes received in sale of automobiles, and notes executed by dealer to manufacturer, secured by liens, held not "doing business in state," so as to require compliance with Ky. Stats., section 571.

GEORGE W. VAUGHAN for appellant.

GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

The appellant, M. A. Jones, purchased an automobile from W. T. Hawkins, an automobile dealer in Lexington,

Kentucky, and in part payment of the purchase price executed a note for $922.20, together with a conditional sale contract wherein title to the automobile was reserved in Hawkins until the note was fully paid. Hawkins forthwith endorsed and assigned the note and contract to the appellee, the General Motors Acceptance Corporation, and mailed them to the corporation at its branch office in Detroit, Michigan, where the latter accepted the assignment and discounted the note and mailed its check to Hawkins in payment therefor.

The note not having been paid at maturity, the appellee instituted this action against the appellant in the Fayette circuit court to recover on the note and to enforce the lien under the contract assigned to it. Appellant admitted his liability but denied the right of appellee to enforce collection on the ground that appellee was a foreign corporation doing business in Kentucky in violation of section 571 of the statutes, in that it had not filed a statement in the office of the secretary of state stating the location of its place of business and the name of an agent upon whom process could be served in Kentucky, as required by statute of all foreign corporations, except insurance companies, doing business in Kentucky. Appellee admitted it had not complied with the statute but asserted that it was not required to do so for the reason that it was not doing business in Kentucky within the meaning of the statute.

The sole question, therefore, thus presented for determination was whether or not the appellee was engaged in business in Kentucky within the meaning of section 571 of the statutes.

The lower court found that it was not, and entered judgment for it accordingly, and appellant appeals.

This court has uniformly held in numerous decisions that a foreign corporation doing business in this state without having complied with section 571 of the statutes cannot recover on contracts made and executed in Kentucky by it in the course of its business. Fruin-Colnon Co. v. Chatterson, 146 Ky. 504; Oliver Co. v. Louisville Realty Co., 156 Ky. 628; Hayes v. W. Va. Oil, Gas & By-Products Co., 183 Ky. 622. So that the only question presented upon this appeal is whether or not the appellee was doing business in Kentucky within the meaning of the statute, and the decision of that question is controlled by the facts appearing in the record. The

appellee's assistant secretary was the only witness who testified in the lower court, and there is, therefore, no dispute as to the facts.

It appears that appellee is incorporated under the laws of the state of New York and has no officer, agent or place of business in Kentucky. It was organized for the sole purpose of financing automobile dealers primarily, if not exclusively, those handling the output of the General Motors Company; and all transactions with Kentucky dealers are handled through a branch office located in Detroit, Michigan. It finances an automobile dealer by discounting notes received by him in the sale of automobiles and also by discounting notes executed by him to the manufacturer in the purchase of automobiles; and in both instances the notes are secured by liens retained on the automobile involved. Appellee furnishes the dealer with a supply of forms of notes and liens or conditional sale contracts on which are printed assignments to appellee. When the dealer sells an automobile on the partial payment plan, the purchaser executes one of these form notes and contracts. The dealer then executes the assignment to appellee and mails it to appellee at its office in Detroit. The form also contains a financial statement of the purchaser and upon receipt of the papers in Detroit, they are submitted to appellee's credit department, and, if approved, the note is discounted and appellee mails its check to the dealer. It does not solicit any business in Kentucky, but occasionally sends an agent here whose sole purpose is to explain the forms and "straighten out" any dealer whose affairs have become involved. It has no contract with the dealer and is not obligated to discount any of his paper, nor is the dealer obligated to transact any of his business with the appellee. He forwards only such notes as he may desire to have discounted by the appellee, and the latter discounts only such of those notes as it may desire to handle. Each transaction is separate and distinct, is not made pursuant to any contract, and is not consummated until the appellee has satisfied itself as to the credit rating of the maker of the note and of the dealer and has agreed to and does discount the note. The dealer does not represent the appellee, nor has either any interest in or control of the business of the other.

Appellee, as stated before, also finances dealers in the purchase of automobiles from the manufacturer. The

process is somewhat similar to that above outlined. Forms of notes and conditional sale contracts or other lien are furnished the manufacturer, and when the dealer purchases a shipment of automobiles on credit, these forms are filled out by the manufacturer, attached to the bill-of-lading for the shipment and mailed to the local bank of the dealer. When the dealer signs the note and lien he receives the bill-of-lading for the shipment, and the bank returns the executed forms to the manufacturer, who forwards them to appellee. The appellee, if it desires to do so, then discounts the note of the dealer, but it is under no contract to do so and even when it does discount the note, it is done for and at the request of the manufacturer.

It seems clear to us that under neither of the foregoing state of facts can appellee be said to be doing business in this state within the meaning of section 571 of the statutes. It neither made nor has any contracts here, nor has it an agent soliciting or securing business in Kentucky, and it neither discounts nor accepts any notes or assignments in this state. It does not exercise any of the purposes for which it was organized within this jurisdiction. It was, therefore, not doing business in Kentucky within the meaning of section 571 of the statutes as interpreted by this court and others in numerous decisions. Commonwealth Farm Loan Co. v. Caudle's Admr., 203 Ky. 761; Hughes v. R. O. Campbell Coal Co., 201 Ky. 839; Pratt v. York, 197 Ky. 851; United Iron Works Co. v. Watterson Hotel Co., 182 Ky. 113; Ichenhauser Co. v. Landrum's Assignee, 153 Ky. 316; Bamberger-Bloom Co. v. Schoolfield, 160 U. S. 167.

Under exactly the same state of facts it has been adjudged by the courts in at least two states, where the same law prevails as that here involved, that the appellee, who was a party litigant in each instance, was not doing business within the meaning of that law. Davis & Worrell, et al. v. General Motors Acceptance Corporation, 241 S. W. 44; General Motors Acceptance Corporation v. Lund, 208 Pac. 502. We are therefore satisfied that the court properly adjudged that the appellee was not doing business within this state within the meaning of section 571 of the statutes.

Wherefore the judgment is affirmed.