**DYSON et al. v. MOTORS SECURITIES CO. Inc. (No. 1812.)**

Court of Civil Appeals of Texas. Beaumont.
May 10, 1929.

Rehearing Denied May 15, 1929.

G. E. Richardson, of Jasper, for appellants.
W. F. Goodrich, of Hemphill, for appellee.

HIGHTOWER, C. J. This suit was filed in the county court of Sabine county by the appellee, the Motors Securities Company, Inc., to recover a balance of $433.25 due on a promissory note that was executed by S. G. Dyson in favor of the Stringer-Richardson Motor Company, a copartnership, which note was indorsed by the Stringer-Richardson Motor Company and sold by that partnership to the appellee herein. The defendants in the suit were the makers of the note, S. G. Dyson, the Stringer-Richardson Motor Company, W. O. Stringer, and J. H. Richardson, who compose the partnership Stringer-Richardson Motor Company, and also Josh Thorpe. The note was made payable to the Stringer-Richardson Motor Company at Shreveport, La., and the original amount of the note was $1,083.75.

Appellee's petition alleged in substance the execution of the note by Dyson, the indorsement of it by the Stringer-Richardson Motor Company, and its purchase from that company by appellee at its office in the city of Shreveport, state of Louisiana. The petition showed several amounts that had been paid on the note at different times and prayed for judgment for the balance due as against Dyson and the Stringer-Richardson Motor Company, and the members of that partnership individually, and also for interest, as

provided in the note, at the rate of 10 per cent. per annum, and for attorney's fees, as stipulated in the note.

The petition further alleged in substance that the note sued on was secured by chattel mortgage lien on a certain Hudson automobile, which was described definitely, and in that connection the petition alleged that the defendant Josh Thorpe was setting up some character of claim to the automobile on which a chattel mortgage lien was asserted, and as against him it was prayed, only, that the chattel mortgage lien asserted by appellee be foreclosed.

The case was tried to the court without a jury, and resulted in a judgment in favor of the appellee against Dyson, the Stringer-Richardson Motor Company, and the members of that partnership individually, for the full amount claimed by appellee to be due on the note, together with interest and attorney's fees, as prayed.

In due time, after the suit was filed, all defendants answered and among other things, in due order of pleading, interposed a plea in abatement of the suit on the ground that appellee was a private corporation domiciled in the state of Louisiana, and that it was without a permit to do business, or to solicit business, in the state of Texas, and prayed that the suit be dismissed. The defendant Josh Thorpe further answered that he was a purchaser of the automobile on which appellee asserted a chattel mortgage lien and that he paid valuable consideration for the automobile without knowledge or notice that there was any chattel mortgage on the automobile, and that there was no such mortgage of record at the time he purchased the automobile.

The trial court, after hearing the evidence touching the plea in abatement, overruled that plea and rendered judgment, as we have stated above, against the maker and indorsers of the note, as prayed by the appellee, but found that the defendant Josh Thorpe was a purchaser, for valuable consideration, of the automobile on which appellee asserted a mortgage lien, and that at the time of his purchase he had no notice of the existence of the asserted chattel mortgage, and therefore did not foreclose appellee's asserted chattel mortgage lien.

All defendants, with the exception of Josh Thorpe, have appealed from the judgment against them and challenge its correctness on two grounds. The first ground is that the appellee, never having been issued a permit to do business in the state of Texas, as required by the law of this state (article 1529, R. S. 1925), said corporation was without authority to do business in the state of Texas and could not, therefore, maintain this suit against appellants, and that therefore the trial court was in error in overruling their plea in abatement. The second ground upon which the judgment is challenged is in substance that the undisputed evidence adduced upon the trial showed that appellee was engaged in intrastate commerce when it purchased the note herein sued on and was soliciting business and doing business in the state of Texas without lawful permit, and that therefore the trial court erroneously overruled the plea in abatement. Both of these contentions are earnestly and vigorously urged by learned counsel for appellants, and they are denied with equal earnestness by counsel for appellee.

The trial court, upon request, prepared and filed findings of fact and conclusions of law upon which the judgment rests, and these findings and conclusions are challenged by appellants only in so far as the trial court found that the purchase by appellee of the note sued on did not constitute doing business by appellee in the state of Texas, and that appellee did not solicit business in Texas, as claimed by appellants in their plea in abatement.

We shall dispose of both of appellants' contentions together without treating them separately.

The strongest evidence offered in support of the plea in abatement by appellants was that of the witness R. T. Lippard. Mr. Lippard testified in substance that he was a resident of the city of Dallas in the state of Texas, and that he was the wholesale representative of the Dickson Motor Company, a private corporation domiciled in the city of Shreveport, state of Louisiana; that the duties of his employment required him to enter into contracts for his corporation with automobile retail dealers in the state of Texas to handle Hudson-Essex automobiles; that in pursuance of his duties he entered into a contract for his corporation with the Stringer-Richardson Motor Company of Hemphill, in Sabine county, Tex., by the terms of which that partnership agreed to handle, that is, purchase and sell, Hudson-Essex automobiles; that after he had entered into this contract with the Stringer-Richardson Motor Company he inquired of the members of that partnership as to any arrangement they had, if any, for financing the business of the partnership, and was informed that the partnership, up to that time, had no arrangement for financing its business, and he thereupon told the members of that partnership that the appellee in this case was engaged in the business of purchasing automobile paper, that is, notes and securities, for the price of automobiles of the Hudson-Essex make, and that appellee would be glad, he was sure, to handle all automobile paper and securities that the Stringer-Richardson Motor Company might care to turn over to appellee; that he (witness) had in his possession at the time blank contract forms and rate sheets that were used by appellee in the transaction of its business and showed these blank contracts and rate sheets to one of the members of the Stringer-Richardson Motor Company and in fact delivered some of

them to this member of the firm. This witness further testified in substance that he got his information touching the business of appellee from a Mr. Phillips, who, the witness stated, was "an officer" of appellee corporation; that Mr. Phillips, in the office .of appellee at Shreveport, La., "suggested" to witness that he try to get business for appellee in Texas, and the witness stated that he did, on two or three occasions, try to get business for appellee in Texas, once at Nacogdoches and once at Lufkin and once at Hemphill. In fact, Mr. Lippard testified in substance that he did get some business for appellee at Nacogdoches and that it was at his solicitation that the Stringer-Richardson Motor Company sold to appellee the note which is the basis of this suit. He·further stated that it "seemed" to him that this Mr. Phillips was the general manager of appellee corporation. This, we think, states in substance the strongest evidence found in this record in support of the plea in abatement filed by appellants, and unless this evidence shows without contradiction that appellee was engaged in soliciting business in this state, as claimed by appellants, then the trial court's finding to the contrary must be upheld.

■ We find in the record in this case the testimony, by deposition, of Mr. Edwin F. Gullatt, who testified that he was the general manager of appellee corporation and that he was thoroughly familiar with all phases of appellee's corporate business, and he testified very positively that appellee never at any time transacted any business in the state of Texas nor had it ever solicited any business in the state of Texas nor did it ever have, at any time, any representative agent or employee in Texas authorized to do or solicit business for it in the state of Texas; that the only business that any agent or employee or representative of appellee ever did for it in Texas, or attempted to do, was to try to collect on two or three occasions some past-due notes that were executed for the purchase price of automobiles and thereafter' sold and delivered to appellee at its office in the city of Shreveport, state of Louisiana.

The undisputed evidence in this case shows that the note sued on, after being executed by Dyson and indorsed by the Stringer-Richardson Motor Company as before stated, was deposited in a bank at Hemphill, Tex., for transmission to appellee at its office in the city of Shreveport, La., and that the note was transmitted by the bank to appellee at Shreveport and was there purchased and paid for by.appellee. This transaction, that is, the purchase of the note by appellee, did not constitute doing business by appellee in the state of Texas. Norton v. W. H. Thomas & Sons

Co. (Tex. Civ. App.) 93 S. W. 711, and authorities therein cited; Davis & Worrell v. General Motors Corp., 153 Ark. 626, 241 S. W. 44. Therefore the contention of appellants that the purchase of this note by appellee constituted doing business by it in the state of Texas is overruled.

■ And since, as we have shown above, the witness Gullatt testified positively that appellee never had a representative or agent in Texas authorized to solict·business for it and that no business was ever solicited in Texas by it, we cannot agree with the contention of appellants that·the undisputed proof in this case showed that appellee was engaged in soliciting business in the state of Texas and, therefore, could.not maintain this suit against their plea in abatement. Even if the trial court had expressly found that Mr. Phillips, who the witness Lippard stated was "an officer," did "suggest" to Lippard that he try to secure business for appellee in Texas, still there was no evidence, or rather there was not sufficient evidence, to compel a finding by the trial court that this Mr. Phillips was such an officer of appellee corporation as was authorized to instruct Mr. Lippard to solicit business for appellee in the state of Texas. As we have shown, Mr. Lippard stated that it "seemed" to him that Mr. Phillips was the general manager of appellee corporation, but this was positively shown by Mr. Gullatt to be not a fact, for he testified that he himself was the general manager of appellee and was thoroughly familiar with the details of · its business in all of its phases. It is true, as contended by counsel for appellants, that Mr. Phillips himself did not testify in this case, and that therefore there was no denial by him that he suggested to Mr. Lippard and tried to get him to solicit business for appellee in Texas. But, as we have already stated, there was no evidence that Mr. Phillips was authorized by appellee to instruct or suggest to Mr. Lippard, or any one else, that he try to secure business for appellee in Texas; while on the contrary, as we have shown, Mr. Gullatt's testimony was positive to the effect that no representative or agent of appellee was authorized to solicit or ever did solicit any business in the state of Texas. In such state of the evidence this court would not be authorized to find and hold contrary to the finding and holding of the trial court that appellee was not doing business in the state of Texas and did not solicit business in the state of Texas, as contended by appellants in their plea in abatement. It results from these conclusions on our part that the judgment of the trial court must be affirmed, which has been our order.

Judgment affirmed.