## READ v. LaSALLE EXTENSION UNIVERSITY.

### No. 9190.

United States Court of Appeals
District of Columbia.

Argued June 3, 1946.

Decided June 28, 1946.

Mr. Richard O. Read, pro se, submitted on the brief, for appellant.

Mr. Warren E. Miller, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

## PER CURIAM.

The appellant enrolled with the appellee for a correspondence course in law. After some time the university notified appellant that it considered him disqualified for further membership in its training program and refunded to him the money which he had paid. Thereupon the appellant sued to compel the appellee to reinstate him. Process was served in the District of Columbia on one R. B. Owens, a sales representative of the appellee.

Contending that the university, an Illinois corporation, was not doing business in the District of Columbia and that Owens did not stand in such relation to it that it could be brought before the court by service of process upon him, the appellee moved to quash the return. Affidavits, one of which identified a copy of the contract between Owens and appellee, were filed in support of the motion. It appeared clearly that Owens was an independent contractor. He personally bore all expense which he incurred and was not in any way subject to the control of the appellee as to the time and manner of soliciting students for it. He received a stipulated commission for all business forwarded by him and accepted by the appellee at its office in Chicago, The lower court granted the motion to quash.

We have held that whether summons was served upon an officer, agent or employee of the defendant corporation in the District of Columbia is a question which may be raised by motion to quash the service.[1] It appears that the appellee was not doing business in the District; consequently the service upon Owens did not bring it before the court.[2]

Affirmed.

---

[1] Bloedorn v. Washington Times Co., 67 App.D.C. 91, 89 F.2d 835.

[2] Chase Bag Co. v. Munson Steamship Line, 54 App.D.C. 169, 295 F. 990.