### LEAKE et al. v. EQUITABLE DISCOUNT CORPORATION.

No. 6529.

Court of Civil Appeals of Texas. Texarkana.

Oct. 19, 1950.

Rehearing Denied Nov. 16, 1950.

Norman C. Russell, Texarkana, for appellants.

Harkness & Friedman, Texarkana, for appellee.

WILLIAMS, Justice.

At the close of the evidence, the trial court withdrew the case from the jury and awarded appellee, Equitable Discount Corporation, plaintiff below, judgment for the amount sued for against appellants Roy Leake and Frank Haile, partners, doing business as the Texarkana Tractor & Implement Company, the defendants below.

Plaintiff is a private corporation incorporated under the laws of the State of New York, domiciled there, and doing business under the laws of said state. Plaintiff did not have a permit from the Secretary of State of Texas to transact or solicit business in the State of Texas. Upon the theory that the acts of plaintiff, here detailed, constituted transacting business in

the State of Texas and not a transaction in interstate commerce, appellants urged Arts. 1529 and 1536, Vernon's Annotated Civil Statutes, in support of their plea in abatement that plaintiff could not maintain this suit in the District Court of Bowie County, Texas. This the trial court rejected.

Art. 1529, supra, reads: "Any corporation for pecuniary profits, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation. If such corporation is created for more than one purpose, the permit may be limited to one or more purposes."

Art. 1536, supra, reads: "No such corporation can maintain any suit or action, either legal or equitable, in any Court of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles or incorporation under the provisions of this Chapter. * * *"

The three acceptances described in plaintiff's pleading upon which it was awarded judgment for the sums specified in them had been drawn by Sterling Materials Company and accepted by defendants in Texarkana, Bowie County, Texas. Each was made payable to the order of Sterling Materials Company at the Texarkana National Bank in Texarkana, Texas. The transaction which gave rise to above acceptances was the purchase of goods from the drawer by the acceptor; such goods having been shipped by the Sterling Materials Company from out of Texas to defendants in Texas. The last named company is domiciled in New York and incorporated under the laws of said state,

and had never obtained a permit from the Secretary of State of Texas to transact or solicit business in Texas. Before maturity plaintiff purchased these trade acceptances from the Sterling Materials Company. They were "bought right here (New York City) in the office of Equitable Discount Corp.," being endorsed and transferred by the former to the latter at the time. Plaintiff was a bona fide purchaser of the acceptances. On their respective maturity dates, plaintiff deposited the acceptances with the National Safety Bank and Trust Company of New York as its collecting agent to be forwarded, which was done, for presentment for payment to defendants at Texarkana, Texas. Upon return of same, payment having been refused, plaintiff by mail notified defendants and the endorser. Plaintiff had no connection with Sterling Materials Company, except from time to time to buy paper from the latter. Plaintiff had never had a representative, agent or employee in Texas; never solicited any business in Texas; and under an answer to a question propounded to the official of the company "had never at any time transacted any business in the State of Texas."

The facts above detailed, in which there is no controversy, do not support defendants' contention that plaintiff's compliance with the provisions of Art. 1529, supra, was necessary before it could maintain this suit in a Texas court. Phelps v. Jesse French & Sons Piano Co., Tex.Civ. App., 65 S.W.2d 374; Tyler v. Consolidated Portrait Co., Tex.Civ.App., 191 S.W. 710; Dyson v. Motor Securities Co., 17 S.W.2d 141; Washington-Dean Co. v. Crow Bros., et al., Tex.Civ.App., 1 S.W.2d 914; Security Co. v. Panhandle National Bank, 93 Tex. 575, 57 S.W. 22; Wagner v. J. & G. Meakin, 92 F. 76, 33 C.C.A. 577; Anglo-California Trust Co. v. Hall, 61 Utah 223, 211 P. 991, 994; 20 C.J.S., Corporations, § 1833, p. 51. As stated in Dyson v. Motor Securities Company, "This transaction, that is, the purchase of the note by appellee (in New York), did not constitute doing (intrastate) business by appellee in the state of Texas" [17 S.W.2d 143]; and plaintiff's

subsequent effort to collect the acceptances by use of the United States' Mail Service did not change its original characteristic into an interstate transaction within the State of Texas. The conclusions expressed in the matters involved in Watts v. Mann, Tex.Civ.App., 187 S.W.2d 917, 918, 928, and Donoghue v. State, Tex.Civ.App., 211 S.W. 2d 623, 630, and other authorities cited by appellants are not applicable to the undisputed facts here involved.

The judgment is affirmed.