BAHLKE v. BYRAM et al.

No. 1005.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 8, 1951.

Decided Jan. 31, 1951.

I. H. Halpern, Washington, D. C., for appellant.

Norman M. Glasgow, Washington, D. C., James E. Artis and Wilkes, McGarraghy & Artis, all of Washington, D. C., on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff Bahlke sued Ira T. Byram, Jr., doing business as Silent Sales System, and also Coin Machine Acceptance Corporation and American Business Credit Corporation. The complaint alleged fraud in the sale of two automatic popcorn machines and usury in the charges on a purchase money installment note given in part payment for the machines. Service of process was made in the District of Columbia upon Byram personally and also upon Byram as agent of the two corporate defendants on the theory that they were doing business in Byram's office. The corporations appeared specially and contested the sufficiency of service on them. From an order quashing service on the corporations and from a denial in part of plaintiff's motion to produce documents, this appeal is taken. Plaintiff's action against Byram individually is still pending and Byram is not a party to this appeal.

Byram was a distributor of automatic vending machines. The Coin Machine Acceptance Corporation (hereinafter called CMA) is a subsidiary of American Business Credit Corporation. Both are foreign corporations. CMA is incorporated under the laws of Illinois and has its office in Chicago. It acts as a credit and financing agency for manufacturers and distributors of coin-operated machines. Plaintiff bought two machines from Byram on a conditional sales contract. The purchase money installment note which he accepted for a balance of the purchase price and the conditional sales contract were endorsed and guaranteed by Byram and discounted by CMA. Notice was sent to plaintiff that thereafter payments were to be made directly to CMA. After five months plaintiff defaulted in his payments and conferred with Silent Sales as to the possibility of returning one of the machines. Silent Sales contacted CMA and arranged for a repurchase of the note to make good its guaranty. Plaintiff returned one of the machines and received credit for it on the note.

In support of the motion to quash service upon the two corporations, Byram testified that he was never an agent, officer or employee of either corporation. Attached to the motion of the corporations to quash service was an affidavit of Byram averring that his only connection with the two corporations was as a seller of commercial paper endorsed by him with full recourse, which he was obliged to repurchase upon the default of the maker. This affidavit was supported by further testimony at the hearing on the motion.

The trial court found as a fact that Byram was neither an agent, officer or employee of CMA, that the only relation between CMA and Byram was by virtue of the contract whereby CMA agreed to buy certain contracts of conditional sale and commercial paper in connection therewith from Byram, and that CMA was not doing business in the District of Columbia. It concluded as a matter of law that service of process upon the two foreign corporations should be quashed. The findings of fact of the trial court were amply supported by evidence, and we agree with its conclusion.

A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the jurisdiction in such manner as to warrant the inference that it was present there, and even if it is doing business within the jurisdiction the process will be valid only if served upon

some authorized agent. Code 1940, 13–103; Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Stetson China Co. v. D. C. Andrews & Co., D.C.N.D.Ill.1948, 9 F.R.D. 135. Our Code further provides that for a corporation transacting business in the District, service on any officer, agent or employee of the foreign corporation is sufficient as to suits growing out of a tort committed in the District, or a contract to be performed in whole or in part in the District. Code 1940, 13–103. Both provisions of this section of the Code require that service be had in one case on an authorized agent, or in the second case on an agent, officer or employee. The only connection between Byram and CMA appears to be embodied in a contract (introduced into evidence at the hearing) between the two parties in which the "seller from time to time will offer to sell instruments to CMA Corporation and CMA Corporation will purchase such instruments as are acceptable to it." Byram's business was distributing and selling coin machines. CMA's business was that of discounting and buying notes. Nowhere in the record can we find any showing that Byram was connected with CMA in any other relation than buyer and seller of commercial paper. It is well established that such a course of business does not result in the foreign corporation doing business in the jurisdiction of the seller of the commercial paper.[1]

■■ Plaintiff further assigns as error the denial in part of his motion that Byram be ordered to produce not only records with regard to this particular transaction but also all records involving a transaction with another person not involved in this suit, together with such items as "receipts of the recordation of documents by the defendants in the District of Columbia and the County of Prince George's and the County of Montgomery, State of Maryland." Some 25 separate and distinct classifications of items were demanded in the motion to produce. Byram answered stating that he had no records or information with respect to certain items, that information contained in other items had already been furnished plaintiff, and agreeing to produce the information requested in certain other items. At the same time the plaintiff withdrew a motion to take Byram's oral deposition. The trial court ordered that plaintiff's motion for production of documents be granted as to the Bahlke transaction only. There were produced in answer to the order of the court, or introduced as evidence, correspondence regarding the Bahlke transaction between Byram and CMA Corporation, a contract between them, check stubs of Byram, copies of the accounts between Byram and CMA Corporation, and Byram's ledger sheet covering the transaction. Plaintiff in his brief on this point rests on the bare assertion that rule 31 covers the situation and the statement that "A reading of the documents requested and the points urged in the motion will reveal the necessity of granting the entire relief sought." Such general statements make it difficult, if not impossible, to determine whether plaintiff has been deprived of any documents to which he was entitled under Municipal Court rule 31,[2] patterned upon rule 34 of

1. Read v. LaSalle Extension Univ., 81 U. S.App.D.C. 177, 156 F.2d 575; Refrigeration Discount Corp. v. Turley, 189 Miss. 880, 198 So. 731; Dyson v. Motors Securities Co., Tex.Civ.App., 17 S.W.2d 141; Equitable Credit Co. v. Rogers, 175 Ark. 205, 299 S.W. 747; General Motors Acceptance Corp. v. Shadyside Coal Co., 102 W.Va. 402, 135 S.E. 272; Jones v. General Motors Acceptance Corp., 205 Ky. 227, 265 S.W. 620; Davis & Worrell v. General Motors Acceptance Corp., 153 Ark. 626, 241 S.W. 44; cf. Palmer v. Associates Discount Corp., 74 App.D.C. 386, 124 F.2d 225; see Eastern Acceptance Corp. v. Henry, D.C.Mun.App., 62 A.2d 309.

2. Rule 31 provides in part that "Upon motion of any party showing good cause therefor and upon notice to all other parties, the Court may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody or control; * * * ".

the Federal Rules of Civil Procedure, 28 U.S.C.A. It was plaintiff's burden in this court not only to allege but to establish error in this as in all other respects. This, we hold, he failed to do. We find other assignments of error without merit.

Affirmed.